GRAY (SPRING v.). See Case No. 13,259.
GRAY (THOMAS v.). See Case No. 13,898.

## Case No. 5,730.

### GRAY et al. v. TUNSTALL.

[Hempst. 558.] [1]

Circuit Court, D. Arkansas. June, 1847.

OATHS— JUSTICE OF THE PEACE—PROMISSORY NOTE —BURDEN OF PROOF.

1. Justices of the peace, and masters in chancery of the state of Arkansas, are authorized to take affidavits, to be used in the circuit court of the United States, in civil causes, and affidavits so taken, are as valid and effectual as if subscribed in open court.

2. Non assumpsit sworn to, puts in issue the execution of the writing sued on, and it then devolves on the plaintiff to prove the execution.

[Action at law by Alexander P. Gray and Alexander Griffith against Thomas T. Tunstall.]

Daniel Ringo and F. W. Trapnell, for plaintiffs.

A. Fowler, for defendant.

JOHNSON, District Judge. The defendant has made oath to the truth of his plea of non assumpsit to the last count of the amended declaration, before Graham Witherspoon, a justice of the peace in and for Jackson county, in this state, and the question for the decision of the court is, whether the affidavit is made before a person authorized by law to take it. By the act of 1812, "for the more convenient taking of affidavits and bail in civil causes depending in the courts of the United States" (2 Stat. 679), this court is vested with authority "to appoint such and so many discreet persons, in different parts of the district, as it shall deem necessary, to take acknowledgments of bail and affidavits, which shall have the like force and effect as if taken before a judge of this court." On the 20th June, 1839, this court made the following rule: "That affidavits required in the progress of any civil cause in this court, to pleas, motions for continuance, and to all other steps in a cause to which an affidavit may be necessary, may be taken before any judge or justice of the peace, or master in chancery, of the state of Arkansas, and shall have the same effect and validity as if subscribed in open court." The question here arises, whether this rule is warranted by the act of congress above recited. I think it is; and moreover that it substantially complies with the requirements of that act. Now it is seen that by that act, this court is authorized to appoint as many discreet persons in different parts of the district, as it shall deem proper to take affidavits. The rule of this court virtually appoints all the justices of the peace of the state of Arkansas, and empowers them to take affidavits to be used in this court, in civil causes. True, it does not in express terms make such appointment; but in authorizing such affidavits to be taken before them, and declaring that when thus taken, they shall be valid and effectual; im-

[1] [Reported by Samuel H. Hempstead, Esq.]

pliedly, necessarily, and substantially appoints them for the purposes indicated in the rule. The motion to strike the plea from the files, must therefore be overruled, and as the plea of non assumpsit sworn to puts in issue the execution of the note, it will devolve on the plaintiff to prove it. Rev. St. p. 633, § 104. Motion overruled.